## STALLEY v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9254. Decided June 17, 1929

John F. Wilson, Hillsboro, and Harold F. Gorman, Cleveland, for Stalley.

Ray T. Miller and E. J. Hopple, both of Cleveland, for State.

SULLIVAN, J.

From an examination of the language used over the telephone it is our unanimous conclusion, forced by the record, the inferences therefrom, as well as the circumstances, that there is no other motive apparent from the language excepting to create a favorable impression upon the juror of the testimony given by plaintiff in error, or, to create an inducement in the way of possible business favor upon which the juror might act in his deliberations. In other words, searching in vain for a legitimate motive, if there could have been one, the conclusion is irresistible from the language employed, that the purpose of the telephone call and convesation was to influence the juror with respect to the testimony given by the plaintiff in error in the appropriation case.

Under **12136 GC**. a court or a judge at chambers may summarily punish a person guilty of misbehavior in the presence of the court or judge, if its tendency is to obstruct the administration of justice, and under **12138 GC**. if written charges are made and a hearing had, the court has power to sentence as in the case at bar, and from a reading of Corpus Juris Vol. 13 p. 22, Sec. 67, we read what is undoubtedly the law of the land that all wilful attempts improperly to influence jurors in the impartial discharge of their duties is contempt, whether it be by conversation, over the phone or in the presence of each other or by attempts to bribe, and in **Goldner et al vs State of Ohio, 19 O. C. C. (NS) 317**, we quote from the syllabus as follows:

(Here follows quotation)

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.